UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MICHAEL J. VALENDRA,

Petitioner,

v.

ROBERT MUNDT, Warden,

Respondent.

Civil No. 01-872 (ADM/FLN)

**REPORT AND RECOMMENDATION**

**THIS MATTER** is before the undersigned United States Magistrate Judge on Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2241. (Docket No. 1.) Respondent has filed a return contending that the Petition should be dismissed. (Docket No. 7.) The matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). The Petitioner appears *pro-se* and the Respondent appears by John R. Marti, Assistant United States Attorney. Petitioner contends that the Bureau of Prisons ("BOP") has incorrectly assigned a Public Safety Factor ("PSF") sex offender classification to him which renders him ineligible for participation in the Residential Drug Abuse Treatment Program ("RDAP"). Completion of the RDAP carries with it the possibility of a one-year sentence reduction. See 18 U.S.C. § 3612(e)(2)(B). For the reasons discussed below, it is recommended that the Petition for Writ of Habeas Corpus be granted.

## I. BACKGROUND

Petitioner was sentenced on June 14, 1999, to a 60-month prison term for Possession with Intent to Distribute Cocaine and Marijuana in Violation of 21 U.S.C. § 841(a)(1) and Conspiracy to Possess with Intent to Distribute Cocaine and Marijuana in Violation of 21 U.S.C. §§ 841(a)(1)

FILED FEB 19 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

and 846. See Weaver Decl., Exh. C, Pre-sentence Investigation Report. Petitioner is currently incarcerated at the Federal Correctional Institution ("FCI") at Waseca, Minnesota. See Weaver Decl. His projected release date via Good Conduct Release is July 29, 2003. See Buege Decl., Attach. A, Public Info. Data. At the time of his guilty plea, two other separate Indictments were dismissed pursuant to a plea agreement. See Weaver Decl. at ¶5 and Attachment D. In both of the dismissed Indictments Defendant was charged with offenses which would warrant the assignment of a PSF sex offender classification under BOP regulations.

During the preparation of Petitioner's security designation, sometime in 2000, the BOP assigned Jones a PSF sex offender classification. See Weaver Decl. at ¶ 4. This classification was assigned based on Petitioner's Pre-sentence Investigation Report ("PSR"). Id., Attach. C., PSR at 3. The PSR described all of the charges against the Defendant and the alleged conduct which gave rise to each charge. The PSR also described the plea agreement by which the Government agreed not to prosecute the sex related cases in exchange for Defendant's guilty plea to the drug charge.

In his instant habeas petition, Valendra seeks to compel the BOP to remove the PSF sex offender classification because it renders him ineligible to participate in the RDAP. An inmate classified as a PSF sex offender cannot be referred for placement in a Community Corrections Center ("CCC"). See Buege Decl. at ¶ 4. Successful completion of the RDAP requires that an inmate complete a portion of time in a CCC. See 28 C.F.R. § 550.58. Because inmates with PSFs cannot complete the CCC portion of their treatment, the BOP has determined that they are ineligible for sentence reductions under 18 U.S.C. § 3621(e)(2)(B).

## II. ANALYSIS

The BOP Program Statement *Custody and Classification Manual*, § 5100.07, states that

inmates are assigned a PSF as a sex offender where their behavior in the current term of confinement or their prior criminal history clearly indicates certain elements related to illegal sexual activity.[1] See BOP Program Statement 5100.07, *Security Designation and Custody Classification Manual*, Weaver Decl., Attach. A, PS 5100.07, Chapter, 7, at 2. A conviction is not required for application of a PSF and the PSF may be applied when an inmate pled guilty to a lesser charge. See BOP Program Statement 5100.07. So long as official documentation indicates that the behavior occurred, BOP staff may assign a PSF sex offender classification to an inmate. Id. The Program Statement further advises that a sex offender PSF should not be assigned if the underlying case was dismissed. However, if the dismissal was pursuant to a plea agreement, and the PSR otherwise documents that the conduct occurred then application of PSF is appropriate. Id.

Petitioner does not contend that the BOP exceeded its statutory authority in enacting the PSF, or challenge the application of the PSF to the early release program. Petitioner alleges that his classification as a sex offender should be removed because he pled guilty to "Possession with Intent to Distribute Cocaine and Marijuana and Conspiracy to Possess with Intent to Distribute Cocaine and Marijuana " and the prior charges of Sexual Abuse of a Minor and Criminal Sexual Assault that the PSF classification was based upon were dismissed. See Pet'r's Mem. in Supp. of Pet. at 10-11.

---

[1] A PSF Sex Offender classification is assigned if an inmate engages in any of the following activities: (1) engaging in sexual contact with another person without obtaining permission to do so (forcible rape, sexual assault or sexual battery); (2) Possession, distribution or mailing of child pornography or related paraphernalia; (3) Any sexual contact with a minor or other person physically or mentally incapable of granting consent (indecent liberties with a minor, statutory rape, sexual abuse of the mentally ill, rape by administering a drug or substance); (4) Any sexual act or contact not identified above that is aggressive or abusive in nature (rape by instrument, encouraging use of a minor for prostitution purposes, incest). See PS 5100.07 at Chapter 7, p. 2.

Here, the sex related charges were dismissed expressly pursuant to a plea agreement. The facts here fall squarely within §5100.07 of the BOP Custody and Classification Manual. Unlike in Jones v. Stiff, (Civ. No. 00-494, R & R dated 6/7/00; order dated 9/11/00), where the Court concluded there was insufficient evidence in the record to warrant the assignment of a PSF sex offender classification, the record here establishes that the conduct giving rise to the sex related charges clearly occurred, and that those charges were dismissed pursuant to a plea agreement.

Accordingly, classification as a PSF sex offender is appropriate.

## III. RECOMMENDATION

Based upon the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Michael Valendra's Petition for Writ of Habeas Corpus [#1] be **DENIED**;

DATED: February 19, 2002

FRANKLIN L. NOEL
CHIEF MAGISTRATE JUDGE

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties within ten days of this Report and Recommendation written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.