**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Michael J. Valandra,

Petitioner,

v.

Robert Mundt, Warden,

Respondent.

**MEMORANDUM OPINION AND ORDER**
Civil No. 01-872 ADM/FLN

---

James E. Ostgard, Esq., Ostgard Law Office, Minneapolis, MN, for Petitioner.

John R. Marti, Esq., Assistant United States Attorney, Minneapolis, MN, for Respondent.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to Petitioner Michael J. Valandra's ("Petitioner") Objections [Doc. No. 18], and Robert Mundt's ("Respondent") Objections [Doc. No. 19], to the February 28, 2002, Amended Report and Recommendation ("R&R") of Magistrate Judge Franklin L. Noel [Doc. No. 14]. The R&R recommended that Petitioner's Petition for Writ of Habeas Corpus [Doc. No. 1] be denied. For the reasons set forth below, Respondent's Objections are granted and the Petition is denied. The factual background for this matter is adequately set forth in the R&R and is incorporated by reference for the purposes of the present Objections.

## II. DISCUSSION

A district court shall make an independent, *de novo* evaluation of those portions of the R&R to which objection is made and may accept, reject, or modify, in whole or in part, the

FILED JUN 4 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

findings or recommendations made by the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); D. Minn. LR 72.1(c)(2).

Respondent alleges a jurisdictional issue. Respondent argues that the Bureau of Prisons ("BOP") decision at issue is an adjudicative decision, and that this Court is precluded by 18 U.S.C. § 3625 from judicial review of BOP adjudicative decisions. Section 3625 precludes judicial review of agency adjudicative decisions, but not rulemaking decisions. Martin v. Gerliski, 133 F.3d 1076, 1079 (8th Cir. 1998). Respondent asserts that the evaluation of evidence by the BOP concerning allegations that Petitioner engaged in criminal sexual conduct, and then applying the Public Safety Factor ("PSF") Sex Offender to him, constitutes adjudicative decision making. Respondent relies, inter alia, on Martin, Fristoe v. Thompson, 144 F.3d 627, 630 (10th Cir. 1998) (holding that § 3625 precludes review of BOP substantive decisions), and Lyle v. Sivley, 805 F.Supp. 755, 759 (D. Ariz. 1992) (holding that § 3625 precludes review of individualized, discretionary BOP decisions). Petitioner claims the BOP's application of BOP Program Statement ("PS") 5100.07, Code F, to him is essentially a rulemaking decision because it establishes that a PSF-Sex Offender classification will apply whenever an inmate's sex crime case is dismissed as part of a plea bargain.

Petitioner's position is unpersuasive. Petitioner relies on the Martin court's holding that "the question of the BOP's authority to include sentencing factors in its definition is reviewable, and is not precluded" by § 3625. Martin, 133 F.3d at 1079. In Martin, the BOP referenced the term "crime of violence" as used in the criminal code in order to define the meaning of a "nonviolent offense" as used in 18 U.S.C. § 3621(e)(2)(B). The BOP then issued a Program Statement to further define the term "crime of violence," and included sentencing factors in its

definition. The Eighth Circuit held that the BOP had created a legislative rule because its Program Statement did not simply explain what a crime of violence was within pre-existing parameters, but rather it "expanded the scope of the conduct under consideration, thus extending the reach of the regulation." Martin, 133 F.3d at 1079.

Here, contrary to Martin, Code F of PS 5100.07 does not expand the scope of conduct under consideration. PS 5100.07 provides:

> F. Sex Offender. A[n] . . . inmate whose behavior in the current term of confinement or prior history includes one or more of the following elements shall be housed in at least a Low security level institution, unless the PSF has been waived. A conviction is not required for application of this PSF if the PSI, or other official documentation, clearly indicates the following behavior occurred in the current term of confinement or prior criminal history. If the case was dismissed or nolle prosequi, application of this PSF cannot be entered. However, in the case where an inmate was charged with an offense that included one of the following elements, but as a result of a plea bargain was not convicted, application of this PSF should be entered.

The "elements" referred to in Code F consist of six identified types of sex crimes.

The BOP determined that assigning PSF-Sex Offender status to Petitioner was appropriate under this rule. Petitioner's Pre-sentence Investigation Report described the plea agreement where the Government agreed not to prosecute Petitioner for two separate indictments involving sexual offenses, and Petitioner pled guilty to an indictment charging drug trafficking offenses. The sexual offenses in the two indictments dismissed pursuant to the plea agreement qualified under the terms of PS 5100.07 Code F as sufficient to warrant the assignment of a PSF-Sex Offender designation to Petitioner. Because Petitioner was charged with two offenses including an appropriate sex offense element as outlined by PS 5100.07, but was not convicted as a result of a plea bargain, the BOP assigned a PSF-Sex Offender designation to Petitioner. This determination by the BOP was an adjudicative decision involving the application of the

regulation to Petitioner's particular set of facts, and it is thereby not subject to judicial review under 28 U.S.C. § 2241 and 18 U.S.C. § 3625. Accordingly, Respondent's Objections are granted.

In light of the lack of jurisdiction, Petitioner's Objections will not be discussed at length. Assuming this Court had jurisdiction to consider the merits of Petitioner's argument, Judge Noel's determination that it was appropriate for the BOP to classify Petitioner as a PSF-Sex Offender under PS 5100.07 is correct.

## III. CONCLUSION

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's Objections [Doc. No. 18] are **DENIED**,
2. Respondent's Objections [Doc. No. 19] are **GRANTED**,
3. The R&R result [Doc. No. 14] is **ADOPTED** on an alternative rationale, and Petitioner's Petition for Writ of Habeas Corpus [Doc. No. 1] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Date: June 4, 2002